NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**JEFFREY S. SWEET, OSB #994183**
Jeff.Sweet@usdoj.gov
**NATHAN J. LICHVARCIK**
Nathan.j.Lichvarcik@usdoj.gov
**MARCO A. BOCCATO, OSB #103437**
Marco.Boccato@usdoj.gov
Assistant United States Attorneys
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:   (541) 465-6771
Attorneys for the United States of America

<br>

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:23-cr-00254-MC** |
| **v.** | **GOVERNMENT'S AMENDED PROPOSED VERDICT FORM** |
| **NEGASI ISHAIAH ZUBERI, aka JUSTIN JOSHUA HYCHE,** | |
| Defendant. | |

The circuits who have addressed the issue, have held that the particular firearm or

ammunition possessed by a defendant charged with 18 U.S.C. § 922(g)(1) is a means, not an

element, that does not require jury unanimity.  *See, e.g.*, *United States v. Verrecchia*, 196 F.3d

294 (1st Cir. 1999); *United States v. Robinson*, 855 F.3d 265 (4th Cir. 2017); *United States v.*

*Talbert*, 501 F.3d 449 (5th Cir. 2007); *United States v. DeJohn*, 368 F.3d 355 (6th Cir. 2004);

*United States v. Pollock*, 757 F.3d 582 (7th Cir. 2014).

Although it does not appear that the Ninth Circuit has analyzed the issue as specifically

as the courts listed above, its application of the statute follows suit.  *See United States v. Qualls*,

**Government's Amended Proposed Verdict Form**                                                          **Page 1**

172 F.3d 1136 (9th Cir. 1999) (jury properly instructed that it could find Qualls guilty of

§ 922(g)(1) charge if it found beyond a reasonable doubt that he possessed any one of the

firearms listed in the indictment); *see also United States v. Conley*, 585 Fed. Appx. 502 (9th Cir.

2014) (unpub.) (district court did not plainly err in refusing to give a unanimity instruction

regarding which firearm Conley possessed) (citing *Richardson v. United States*, 526 U.S 813,

817 (1999)).

In light of this authority, the government proposes the attached amended verdict form and

a general unanimity instruction on the firearms/ammunition counts.

Dated: October 15, 2024

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Suzanne Miles*
SUZANNE MILES
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:23-cr-00254-MC** |
| **v.** | **VERDICT** |
| **NEGASI ISHAIAH ZUBERI, aka** | |
| **JUSTIN JOSHUA HYCHE** | |

We, the jury, being duly empaneled and sworn, hereby unanimously find **NEGASI ISHAIAH ZUBERI, aka JUSTIN JOSHUA HYCHE**, as follows:

**Count 1**
**Kidnapping**

_____ Not Guilty

_____ Guilty

**If you checked "Guilty", you must choose at least one of the following to explain which type(s) of conduct your verdict is based on**:

(Please check all that apply)

_____ Defendant transported AV1 across state lines from Washington to Oregon

_____ Defendant traveled in interstate commerce in committing, or in furtherance of, the offense

_____ Defendant used any means, facility, or instrumentality of interstate commerce in committing or furtherance of the offense

**Count 2**
**Transportation for Criminal Sexual Activity**

_____ Not Guilty

_____ Guilty

**Verdict**                                                                                          **Page 1**

## Count 3
### Kidnapping

_____ Not Guilty

_____ Guilty

## Count 4
### Felon in Possession of a Firearm and Ammunition

_____ Not Guilty

_____ Guilty

## Count 5
### Felon in Possession of a Firearm and Ammunition

_____ Not Guilty

_____ Guilty

## Count 6
### Felon in Possession of Ammunition

_____ Not Guilty

_____ Guilty

## Count 7
### Felon in Possession of Ammunition

_____ Not Guilty

_____ Guilty

Dated: October _____, 2024

_____
PRESIDING JUROR