NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**JEFFREY S. SWEET, OSB #994183**
Jeff.Sweet@usdoj.gov
**NATHAN J. LICHVARCIK**
Nathan.j.Lichvarcik@usdoj.gov
**MARCO BOCCATO**
marco.boccato@usdoj.gov
Assistant United States Attorneys
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 1:23-cr-00254-MC |
| v. | **GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS-- CHARGES** |
| **NEGASI ISHAIAH ZUBERI aka JUSTIN JOSHUA HYCHE,** | |
| **Defendant.** | |

These proposed instructions follow the 2022 Ninth Circuit Model Criminal Jury Instructions, unless they contain notated changes, and are numbered in accordance with the model's numbering.

Modifications to the Model Instructions are highlighted in <mark>yellow</mark>, as are elements within the instructions that are left to the Court's preference.  Choices made from among options

provided within a model instruction are **bolded**. Amendments to the government's prior proposed instructions are highlighted in blue.

The government asks that the victims continue to be referred to by pseudonyms in all publicly available filings.

Dated: October 15, 2024.

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Suzanne Miles*
SUZANNE MILES, CABN #242048
Assistant United States Attorney

### 1.2 The Charge—Presumption of Innocence (modified to charge)

This is a criminal case brought by the United States government. The government charges the defendant with two counts of kidnapping, one count of transportation for sexual activity, and four counts of possessing firearms and/or ammunition. The charge**s** against the defendant **are** contained in the indictment. The indictment simply describes the charge**s** the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge**s** and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

**To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:**

Kidnapping: To prove each kidnapping charge, the government must prove beyond a reasonable doubt that Mr. Zuberi seized, confined, decoyed, kidnapped, abducted, or carried away the named victim and held her against her will, and that he did one or more of the following: he transported the victim across state lines, he traveled in interstate commerce in committing the offense, or he used an instrumentality of interstate commerce in furtherance of committing the kidnapping.

Transportation for Sexual Activity: To prove this charge, the government must prove beyond a reasonable doubt that Mr. Zuberi knowingly transported **AV1** in interstate commerce with the intent ~~that she~~ to engage[s] in a criminal sexual activity.

Possession of Firearm or Ammunition: To prove each of the four counts of prohibited firearm or ammunition possession, the government must prove beyond a reasonable doubt that Mr. Zuberi knowingly possessed one or more of the firearms or rounds of ammunition alleged,

**Government's Amended Proposed Jury Instructions**                                **Page 3**

which I will specify in the final instructions, that the alleged firearm or ammunition had been shipped or transported from one state to another or from a foreign nation to the United States, and that at the time of the alleged possession, Mr. Zuberi was legally prohibited from possessing firearms or ammunition and he knew about his prohibited status.

## Count 1
### 17.1 Kidnapping—Interstate Transportation (18 U.S.C. § 1201(a)(1))

**Mr. Zuberi** is charged in **Count One** with kidnapping in violation of Section 1201(a)(1) of Title 18 of the United States Code. For **Mr. Zuberi** to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: that from on or about July 14, 2023, to July 15, 2023, in the District of Oregon and elsewhere, **Mr. Zuberi unlawfully and willfully**:

First, **seized, confined, decoyed, kidnapped, abducted, or carried away AV1**;

Second, **held AV1** against **her** will; and

Third, he did one or more of the following:

- transported **AV1** across state lines from Washington to Oregon;

- traveled in interstate commerce in committing, or in furtherance of, the offense;

- used any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the offense.

Your verdict form will ask you to specify which, if any, of those actions you find that the government has proven beyond a reasonable doubt.

A person acts "willfully" if he engages in the prohibited conduct voluntarily and intentionally, knowing it to be wrongful, and not because of mistake, accident, or other innocent reason.[1]

---

[1] *See, e.g., United States v. Loera*, 923 F.2d 725, (9th Cir. 1991) (defining common law term "willful" as "a voluntary act . . . one in which the individual has the ability to choose his course of conduct" and as "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful") (quotes omitted).

**Government's Amended Proposed Jury Instructions**                                                   Page 5

**The fact that AV1 initially voluntarily accompanied Mr. Zuberi does not necessarily prevent the occurrence of a later kidnapping.**

"Facilities" of interstate commerce are means of transportation and communication across states, for example the internet or telephone lines.[2]

"Instrumentalities" are the things used to move people and things in commerce or to communicate across states.[3] A cellphone, for example, is an instrumentality of interstate commerce even if it is used to make a call within a single state.[4]

---

[2] *See United States v. Perez*, 414 F.3d 302, 303 (2d Cir. 2005) (addressing 18 U.S.C. § 1958(a)); *see also United States v. Nader*, 542 F.3d 713, 720 (9th Cir. 2008) (citing *Perez*'s analysis with approval).
[3] *United States v. Ballinger*, 395 F.3d 1218, 1225–26 (11th Cir. 2005).
[4] *United States v. Stackhouse*, __ F.4th __, No. 22-30177 (9th Cir. June 27, 2024).

**Government's Amended Proposed Jury Instructions**                                    **Page 6**

## Count 2
### 20.27 Transportation for Criminal Sexual Activity (18 U.S.C. § 2421)

**Mr. Zuberi** is charged in Count **Two** with **transporting** a person with intent that the person engage in a **criminal sexual activity** in violation of Section 2421 of Title 18 of the United States Code. For **Mr. Zuberi** to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: that from on or about July 14, 2023, to July 15, 2023, in the District of Oregon and elsewhere:

First, **Mr. Zuberi** knowingly **transported AV1** in **interstate** commerce;

Second, **Mr. Zuberi transported AV1** with the intent of **sexually assaulting her**; and

Third, that **Mr. Zuberi** could have been charged with a criminal offense under Oregon state law for that sexual assault.

In Oregon, it is a criminal offense to subject a person to sexual contact, oral sex, or sexual intercourse without their consent, and it is a criminal offense to subject a person to sexual intercourse or oral sex by forcible compulsion.[5]

A defendant transports a person with the intent that such person engage in criminal sexual activity if the intended criminal sexual activity was a dominant, significant, or motivating purpose of the transportation.

An act is done knowingly if the defendant is aware of the act and does not **act** through ignorance, mistake, or accident. **The government is not required to prove that the defendant knew that his acts or omissions were unlawful**. You may consider evidence of the defendant's

---

[5] ORS 163.427, 163.425, 163.415 (Sexual abuse in first, second, and third degrees, ORS 163.375 (Rape in the first degree); and ORS 163.405 (Sodomy in the first degree).

**Government's Amended Proposed Jury Instructions**                                                     Page 7

words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.[6]

---

[6] Ninth Circuit Model Criminal Jury Instruction 4.8 Knowingly.

**Government's Amended Proposed Jury Instructions** **Page 8**

**Count 3**
**17.1 Kidnapping—Interstate Transportation (18 U.S.C. § 1201(a)(1))**

**Mr. Zuberi** is charged in **Count Three** with kidnapping in violation of Section 1201(a)(1) of Title 18 of the United States Code. For **Mr. Zuberi** to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: that on or about May 6, 2023, in the District of Oregon: **Mr. Zuberi unlawfully and willfully**:

First, **seized, confined, decoyed, kidnapped, abducted, or carried away AV2**;

Second, **held AV2** against **her** will; and

Third, used any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the offense.

**The fact that AV2 may have initially voluntarily accompanied Mr. Zuberi does not necessarily prevent the occurrence of a later kidnapping.**

==Willfully, facilities, and instrumentalities have the same meanings I provided for Count 1.==

## Counts 4 through 7
## 14.16 Firearms—Unlawful Possession—Convicted Felon (18 U.S.C. § 922(g)(1))

Mr. Zuberi is charged in Counts **Four through Seven** with the possession of **firearms and/or ammunition** in violation of Section 922(g)(1) of Title 18 of the United States Code. For **Mr. Zuberi** to be found guilty, the government must prove each of the following elements beyond a reasonable doubt: that on or about July 15, 2023, in the District of Oregon:

First, for Count Four, **Mr. Zuberi** knowingly possessed any or all of the following:

- an HS Produkt Springfield XDM 9xl9mm pistol;
- approximately 8 rounds of Blazer 9mm Luger ammunition;
- approximately 4 rounds of Hornady 9mm Luger ammunition;
- approximately 4 rounds of NovX 9mm Luger ammunition; and
- approximately 3 rounds of SIG 9mm Luger ammunition;

for Count Five, **Mr. Zuberi** knowingly possessed any or all of the following:

- a Remington Arms Company, Model 783, .308 Winchester caliber rifle;
- an Anderson Manufacturing, Model AM-15, multi-caliber rifle;
- an E.R. Amantino (Stoeger), Model Condor Competition, 12 gauge shotgun;
- approximately 27 rounds of Lake City Arsenal 5.56 ammunition;
- approximately 27 rounds of Blazer 9mm Luger ammunition;
- two rounds of Remington Arms 9mm Luger ammunition;
- one round of Hornady 9mm Luger ammunition;
- approximately 16 rounds of NovX 9mm Luger ammunition;
- approximately 17 rounds of SIG 9mm Luger ammunition;
- one Federal 12 gauge shotgun shell; and,

- one Winchester 12 gauge shotgun shell;

for Count Six, **Mr**. **Zuberi** knowingly possessed any or all of the following:

- approximately 410 rounds of Lake City Arsenal 5.56 ammunition;
- one round of Hornady 6mm ARC ammunition;
- one round of Tula Cartridge Works 7.62x39 ammunition;
- approximately 4 Federal 12 gauge shotgun shells; and,
- approximately 14 Winchester 12 gauge shotgun shells;

and for Count Seven, **Mr**. **Zuberi** knowingly possessed any or all of the following:

- approximately 79 rounds of Tula Cartridge Works 7.62x39 ammunition;
- approximately 246 rounds of Remington Arms 9mm Luger ammunition;
- approximately 8 rounds of Blazer 9mm Luger ammunition; and,
- approximately 30 rounds of Hornady 6mm ARC ammunition;

Second, **each charged firearm or round of ammunition had been shipped or transported from one state to another or between a foreign nation and the United States;**

Third, **at the time Mr. Zuberi possessed the charged firearm(s) or rounds of ammunition he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and**

Fourth, **at the time Mr. Zuberi possessed the charged firearm(s) or rounds of ammunition, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.**

As I previously instructed, the parties have stipulated that all of the firearms and ammunition in Counts 4, 5, 6 and 7:

- Are firearms and ammunition as defined by federal law; and

- Prior to July 15, 2023, had been shipped or transported in interstate and/or foreign commerce.

The parties have also stipulated that on and prior to July 15, 2023, Negasi Ishaiah Zuberi had been, and knew that he had been, convicted of a crime punishable by imprisonment for a term exceeding one year.

Facts that have been stipulated to by the parties are conclusively established.